IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FELICIA REICHNER, a minor,** <br> **by MAYNA SWINEHART, guardian,** <br> **Plaintiffs** | No. 3:00cv1392 <br><br> (Judge Munley) |
| v. | |
| **K-MART CORPORATION AND** <br> **SISTER SISTER, INC.,** <br> **Defendants** | |

## MEMORANDUM

Before the court are the motions in limine filed by the parties in this strict liability action involving flammable clothing. The motions have been fully briefed and thus are ripe for disposition.

**Background**

Plaintiff Felicia Reichner is a minor who resides in Sunbury, Pennsylvania with her grandmother and guardian Mayna Swinehart. Plaintiff's complaint asserts that Plaintiff Mayna Swinehart bought a clothing outfit for Felicia Reichner at Kmart. The minor plaintiff wore the garments on July 4, 1998 when they ignited causing severe, painful and permanent injuries. Plaintiff alleges that the garment was manufactured and distributed to Defendant Kmart by Defendant Sister Sister.

Plaintiff instituted the instant lawsuit against K-mart and Sister Sister alleging strict liability as the garment was sold in an unreasonably dangerous condition in that the fabric was highly flammable. Plaintiff seeks to recover under the theories of design defect and failure to warn. At the conclusion of discovery, the defendants moved for summary judgment, which we denied in April 2005. The parties then sought additional time for expert discovery. The court granted the motion and set September 2, 2005 as the deadline for motions in limine. The parties all filed motions in limine. After a thorough review of the motions, we will now address the motions *in seriatim*.

**Jurisdiction**

This Court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C.

§ 1332. The plaintiffs are citizens of the Commonwealth of Pennsylvania. Defendant Kmart is a Michigan corporation with a principal place of business in Michigan, and Defendant Sister-Sister is a New York Corporation with a principal place of business in New York. Because we are sitting in diversity, the substantive law of Pennsylvania shall apply to the instant case. Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Discussion**

We will begin our discussion by addressing the plaintiff's motions in limine. Plaintiff has filed two motions in limine.

**I. Plaintiff's motion in limine to preclude any testimony, reference and/or argument as to any industry standards, government regulations or other guidelines, protocol or rules regarding flammability**

Plaintiff's first motion in limine seeks to preclude evidence, testimony and/or argument regarding any industry standards, government regulations or other guidelines, protocol or rules. **Plaintiff anticipates that part of the defense of this action will be that the defendants followed various industry standards and government regulations. Indeed, plaintiff points out that each of the defendants' expert reports refer to th Federal Flammability Act ("FFA")[1] as well as other industry standards. Plaintiff argues that such evidence is irrelevant to the instant action as plaintiff is proceeding solely on a strict liability and/or product liability cause of action. We are in agreement with the plaintiff.**

Pennsylvania has adopted the Restatement (Second) of Torts with regard to strict product liability. Webb v. Zern, 220 A.2d 853, 854 (Pa. 1966). In pertinent part, Section 402A of the Restatement provides:

> (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer . . . is

---

[1] The FFA sets a minimum flammability level that fabrics must meet to be used in consumer wearing apparel. 15 U.S.C. § 1191-1204.

>subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if (a) the seller is engaged in the business of selling such a product, and (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

In order to maintain a strict liability action, a plaintiff must establish that the product was in a defective, unreasonably dangerous, condition, the defect existed when the product was in control of the manufacturer, and the defect proximately caused the plaintiff's injuries. Habecker v. Clark Equip. Co., 36 F.3d 278, 284 (3d Cir. 1994) (citing Walton v. Avco Corp., 610 A.2d 454, 458-59 (Pa. 1992)).

The Pennsylvania Supreme Court has addressed the issue of the admissibility of industry standards in a strict liability case in Lewis v. Coffing Hoist Division, Duff-Norton Co., Inc., 528 A.2d 590 (Pa. 1987). The court held that such standards are not admissible because they tend to bring negligence concepts into the strict liability action, where they have no place. Id. at 594. The court noted that "the imposition of strict liability for a product defect is not affected by the fact that the manufacturer or other supplier has exercised 'all possible care.'" Id. at 593. Accordingly, defendants are precluded from presenting evidence to the jury regarding industry standards.

Defendants argue that this case is different because the FFA are federal regulations, not merely industry standards. Based upon the reasoning of Lewis, however, we see no distinction. The argument of the defendants would still be the same, that is, that they complied with the relevant regulations, therefore, they acted reasonably. The Pennsylvania Supreme Court held in Lewis that mixing reasonableness/negligence concepts into a strict liability case is improper.

Defendants also seek to use the regulations, not as substantive evidence, but to cross-exam plaintiff's expert. We will not allow this use of the regulations. Allowing the evidence to be used for cross-examination would be confusing to the jury and would taint the trial with this inadmissible evidence.

Accordingly, plaintiffs motion in limine will be granted and the defendants will be precluded from offering evidence of industry standards, government regulations and other guidelines, protocol and rules.

**II. Plaintiff's motion in limine to preclude testimony, reference and/or argument to the fact that plaintiffs and/or other individuals were negligent**

Plaintiff next seeks to preclude testimony, reference and/or argument regarding whether the plaintiffs and/or other individuals were negligent.  Plaintiff anticipates that defendants will attempt to establish that others were negligent on the day of the incident and that their negligence caused the injuries.   Plaintiff's position is that such evidence of negligence  has no place in this strict liability/product liability action.  Defendant asserts that the evidence is appropriate to establish misuse, assumption of the risk and causation.  After a careful review, we are in agreement with the plaintiff.  Nonetheless, we will address each issue.

A.  Misuse

Defendants assert that if plaintiff "misused" the clothing at issue and such misuse provides a defense to the strict liability/product liability action.   We are unconvinced.

To establish a strict liability claim, a plaintiff must demonstrate that the product is unreasonably dangerous to intended users for its intended use.  Parks v. AlliedSignal, Inc., 113 F.3d 1327, 1331 (3d Cir. 1997).  "Intended use" includes any use which is reasonably foreseeable to the seller.  Id.

In the instant case, the plaintiff was using her clothing as intended, she was wearing it.  It was foreseeable that plaintiff's clothing would come into contact with an open flame.  Accordingly, the defense of misuse is misplaced.

B.  Assumption of Risk

Defendant also seeks to admit evidence of plaintiff's own alleged negligence to

4

establish the defense of assumption of the risk.

While assumption of the risk is, in fact, a defense to strict liability, the defendant must present evidence that the plaintiff possessed a subjective awareness of the defect. The Third Circuit Court of Appeals has explained as follows:

> The Pennsylvania courts have consistently held that a plaintiff's assumption of the risk is a defense to strict products liability. See Berkebile v. Brantly Helicopter Corp., 462 Pa. at 98-100, 337 A.2d at 901. Under this theory, the defendant has "the burden of showing the subjective awareness of the defect by the injured party." Ellis v. Chicago Bridge & Iron Co., 376 Pa.Super. 220, 545 A.2d 906, 915 n. 17 (1988). Accord, Staymates v. ITT Holub Industries, 364 Pa.Super. at 48-50, 527 A.2d at 146.

Dillinger v. Caterpillar, Inc., 959 F.2d 430, 445 (3d Cir. 1992).

The defendant has not provided evidence that the plaintiff was aware that the dangling ties and the loose fit of the garment rendered it unreasonably dangerous. Defendants have presented evidence that the minor plaintiff was told to stop, drop and roll if her clothing ever caught on fire, this does not evince a subjective awareness on her part that the clothing was unreasonably dangerous as opined by the plaintiff's expert witness, Jeffrey Stull. Accordingly, assumption of the risk is not available as a defense to this action.

### 3. Causation

The final reason advanced by the defendants to justify the admission of the negligence of the plaintiff or others, is the issue of causation. Defendants argue that although this is a strict liability action, they may nonetheless present evidence of the plaintiff's or others negligence to establish that regardless of whether the product was defective, the injuries were caused by the plaintiff's or others negligence. After a careful review, we disagree.

> Pennsylvania law dictates that a plaintiff's conduct may be introduced to undermine a plaintiff's claim that the defect

5

>caused his accident only insofar as the plaintiff's conduct was unforeseeable to the defendant, even where the plaintiff played some part in setting the accident in motion. . . . [Such evidence] . . . is admissible only to support defendant's claim that the conduct was so "extraordinary" or "[un]foreseeable" that it would be unjust to hold the defendant liable for the harm.

Parks v. AlliedSignal, Inc., 113 F.3d 1327, 1332 (3d Cir. 1997).

As set forth above with regard to misuse, we find that the facts of this case are not so extraordinary or unforeseeable that it would be unjust to hold the defendant liable for the harm.  Accordingly, the defendants will not be able to present evidence or argue that the plaintiff's own negligence or the negligence of others was the cause of the injuries, and the plaintiff's motion in limine will be granted.

### III. Kmart's motions in limine

Kmart has also filed a motion in limine raising the following four issues:

1) Preclusion of reference to the Children's Sleepwear Act;

2) Preclusion of criticism of Congress in adopting the commercial standard;

3) Preclusion of the fact that newspaper passes the commercial standard; and

4) Preclusion of the "Rhode Island Survey of Consumer Knowledge of Clothing Flammability," by Patricia Helms (hereinafter "the Helms Article").

Plaintiff explains in its response to the motion in limine that they will not be criticizing Congress for adopting the commercial standard and they will not be referencing the Helms Article.  Those portions of Kmart's motion addressing those issues shall be granted as unopposed.

Further, plaintiffs assert that they do not intend to present evidence of the Children's Sleepwear Act.  Plaintiffs state that they will seek to present such evidence only if the defendants make an argument with regard to the feasibility of manufacture of snug fitting clothes and/or the application of a warning tag.  Accordingly, the motion in limine will be granted in part.  However, plaintiffs will be allowed to present such evidence if defendants open the door by arguing feasibility of manufacturing a more

snug fitting garment or the feasibility of warning tags.

Likewise, plaintiffs state that they will only seek to enter evidence that newspaper will pass the commercial standard if the defendants present evidence that the clothing at issue passes the commercial standard. Accordingly, defendant's motion in limine will be granted in part. If the defendant's present evidence or argue that the garments at issue would pass the commercial standard, then plaintiffs may present evidence that newspaper would also pass the commercial standard.

**IV. Sister Sister's motion in limine to preclude presentation of photos**

Defendant Sister Sister also seeks to preclude the presentation of photos of the injured plaintiff to the jury. Sister Sister argues that the photos have little to no probative value, will create a great prejudicial effect and create overwhelming sympathy for the plaintiff. We disagree, but we shall limit the photographic evidence as set forth below.

Relevant evidence is defined in the Federal Rules of Evidence as evidence that has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Rule 402 provides that "all relevant evidence is admissible." Federal Rule of Evidence 403 provides, however, that relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

In the instant case, the photos at issue are relevant to establish the extent of the injuries to the plaintiff, which is certainly at issue. We find, however, that presenting all the photos that the defendant has attached as exhibits to its motion will be needlessly cumulative. Therefore, we will allow the plaintiff to choose six (6) of the photos to present to the jury.

**Conclusion**

     For the reasons set forth above, the plaintiffs' motions in limine will be granted. Defendant Kmart's motions in limine with regard to the Helms Article and criticizing Congress are granted as unopposed. Defendant Kmart's motion in limine with regard to the Children's Sleepwear Act and newspaper being able to pass the commercial standard are granted in part as unopposed, and the evidence shall only be admitted if defendants open the door to the evidence as set forth more fully above. The motion in limine to preclude photographs is denied, however, will be allowed to present only six (6) photographs to the jury. An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **FELICIA REICHNER, a minor,** | : | No. 3:00cv1392 |
| **by MAYNA SWINEHART, guardian,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| v. | : | |
| **K-MART CORPORATION AND** | : | |
| **SISTER SISTER, INC.,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 19th day of December 2005, it is hereby **ORDERED** as follows:

1) Plaintiff's motion in limine to preclude evidence of industry standards, government regulations or other guidelines, protocol or rules regarding flammability of clothing (Doc. 100) is **GRANTED**;

2) Plaintiff's motion in limine to preclude evidence of plaintiff's or others negligence (Doc. 97) is **GRANTED**;

3) Defendant Kmart's motion in limine (Doc. 95) is **GRANTED** as unopposed. Evidence of the Children's Sleepwear Act and the fact that newspaper passes the commercial standard, however, shall be admissible if defendants open the door as set forth more fully in the attached memorandum.

4) Defendant Sister Sister's motion in limine to preclude photographic evidence (Doc. 91) is **DENIED**. Plaintiff shall, however, present to the jury no more than six (6) of the photographs in question.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

9